```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NORTH DAKOTA
                        SOUTHEASTERN DIVISION
```

Aaron Matthew Deroo,              )
                                  )
            Petitioner,            )
                                  )      Case No. 3:96-cr-39
       vs.                         )                3:05-cv-83
                                  )
United States of America,         )
                                  )
            Respondent.            )

## OPINION AND ORDER

**I.   INTRODUCTION**

Before the Court is a motion by petitioner, Aaron Matthew Deroo, by and through his attorney, pursuant to 28 U.S.C. § 2241 (doc. #1 in case no. 3:05-cv-83; doc. #107 in case no. 3:96-cr-39). For the reasons set forth below, the Motion is **DENIED**.

**II.  BACKGROUND**

On April 14, 1997, the petitioner plead guilty to a one count indictment for Possession of a Firearm by a Convicted Felon. On June 16, 1997, this Court sentenced the defendant to 210 months of imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Deroo did not file a direct appeal of the sentence but did file a motion under 28 U.S.C. § 2255, claiming he had received ineffective assistance of counsel. This Court denied the Motion and declined to issue a certificate of appealability.

1

The Eighth Circuit Court of Appeals granted Deroo a certificate of appealabilty and found that his counsel had not been ineffective. However, the Circuit remanded the case twice for further proceedings because of issues involving sentencing under the ACCA.

On remand both times, this Court found that Deroo qualified as an armed career criminal under the Act and sentenced him to 210 months. After the third appeal of Deroo's sentence, the Circuit affirmed the Court's sentence on September 27, 2002.

The petitioner now argues, in his self-styled motion under § 2241, that the government breached his plea agreement by not providing Deroo with an opportunity to cooperate. Deroo also argues that he received ineffective assistance of counsel from one of his appellate attorneys, Julia Rhodes.

### III. DISCUSSION

Petitioner submits this motion under 28 U.S.C. § 2241 for a writ of habeas corpus. A prisoner may attack the execution of his sentence through a § 2241 motion in the district where he is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). However, any challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court. Id.; see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)(stating, "It is well settled a collateral challenge to a federal conviction or sentence must generally be

2

raised in a motion to vacate filed in the sentencing court under § 2255 . . ., and not in a habeas petition filed in the court of incarceration . . . under § 2241").

Because Deroo is currently incarcerated at a federal correctional institution in Terre Haute, Indiana, he must bring any motion under § 2241 in that district. This Court does not have jurisdiction to consider such a motion.

However, in the interests of justice, the Court finds that it is appropriate to construe the petitioner's first claim — that the government breached the plea agreement — as a motion to compel the government to move for a sentence reduction for substantial assistance under Rule 35 of the Federal Rules of Criminal Procedure. The Court denies the petitioner's request.

The government has a power, not a duty, to file a motion when a defendant has provided substantial assistance. Wade v. United States, 504 U.S. 181, 185 (1992). However, the government's discretion in exercising this power is limited by the Constitution. Id. "The government's refusal to file a substantial-assistance motion is reviewable only when the defendant makes a substantial threshold showing that the refusal was irrational or based on an unconstitutional motive." United States v. Pipes, 125 F.3d 638, 641 (8th Cir. 1997). In the absence of such a showing, the defendant is not entitled to any remedy or evidentiary hearing. Wade, 504 U.S at 186.

In the present case, the government expressly reserved its discretion to file a downward departure motion if Deroo provided substantial assistance. Specifically, Deroo's plea agreement states
that "if, in the opinion of the United States Attorney, the defendant has met all of his obligations under the plea agreement and provided full, complete, and truthful information and testimony, the United States agrees to file a motion for downward departure." When the government expressly reserves discretion to file a downward departure motion, the Court performs only a limited review of the decision not to file the motion. United States v. Thornton, 367 F.3d 971, 973 (8th Cir. 2004).

Deroo has provided no evidence that the government refused to file a downward departure motion for impermissible reasons, such as race or religion. In addition, Deroo has provided no evidence that the government's decision was irrational. In fact, Deroo has provided no evidence that assisted the government post-sentence. Deroo contends that he was willing to cooperate but the government never provided him the opportunity. However, Deroo's willingness to cooperate is irrelevant; the bare assertion that a defendant is willing to cooperate is not enough. United States v. Hardy, 325 F.3d 994, 996 (8th Cir. 2003). Accordingly, Deroo has not made a "substantial threshold showing" that the government's refusal to

4

file a downward departure motion in the present case was irrational or based on an unconstitutional motive.[1]

The petitioner's second claim is that he received ineffective assistance of counsel from one of his appellate attorneys. As stated earlier, such a collateral attack on a sentence must be brought under § 2255 and not § 2241. The Court construes this claim as a "second or successive" motion under § 2255 and summarily denies the petitioner's request. Generally, the Court must warn the petitioner of the restrictions on second or successive motions and of the one-year limitations period under § 2255 before the Court can reclassify a pro se litigant's pleading as a § 2255 motion. Castro v. United States, 540 U.S. 375, 383 (2003); Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002). The Court must then give the petitioner an opportunity to either consent to the reclassification or to withdraw his motion. Morales, 304 F.3d at 767.

However, this warning only applies to situations where a petitioner has not previously sought relief under § 2255. See Castro, 540 U.S. at 384 (stating that the warning only applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion). Since the petitioner in this case has already sought § 2255 relief in this Court, it is proper for the Court to

---

[1] The Court also holds that the petitioner's request is untimely. Deroo raises the issue of his cooperation for the first time after three appeals and over eight years after his first sentencing date.

construe the petitioner's Motion as a successive motion to vacate his sentence.

Since this is the petitioner's "second or successive" motion under § 2255, the Motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the Eighth Circuit Court of Appeals. The petitioner has obtained no such authorization from the Circuit.

**IV. Conclusion**

The petitioner's Motion is **DENIED** and this action is **ORDERED DISMISSED WITH PREJUDICE.**

　　**IT IS SO ORDERED.**

Dated this 15th day of February, 2006.

　　　　　　　　　　　　　　　　　　/s/ Rodney S. Webb
　　　　　　　　　　　　　　　　　　RODNEY S. WEBB, District Judge
　　　　　　　　　　　　　　　　　　United States District Court